UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELK RESORT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEWTON GROUP TRANSFERS, LLC; THE NEWTON GROUP ESA, LLC, <br><br> Defendants. | Case No.: 3:17-cv-00990-BEN-MDD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is the motion to dismiss Plaintiff's complaint filed by Defendants Newton Group Transfers, LLC and The Newton Group ESA, LLC (together, "Newton"). (Docket No. 8.) The motion is fully briefed. For the reasons that follow, Newton's motion is **GRANTED**.

## BACKGROUND[1]

This diversity action arises out of the alleged interference with contractual relations between Plaintiff Welk Resort Group, Inc. ("Welk") and its timeshare customers by Defendant Newton. Welk is a corporation, organized and existing under the laws of the

---

[1] The following overview of the facts are drawn from the allegations of Plaintiff's Complaint (Docket No. 1). The Court is not making findings of fact.

1

State of California, with its principal place of business in the State of California. Welk develops vacation ownership properties in California, Missouri, and Cabo San Lucas, Mexico. Welk also sells timeshare ownership.

Both Newton Group Transfers, LLC and The Newton Group, LLC are limited liability companies organized and existing under the laws of the State of Michigan.

In essence, Welk alleges that since approximately October 2016, Newton has been, *inter alia*, "engaging in a scheme designed to disrupt Welk's relationships with its client timeshare owners, which includes sending unsolicited and knowingly fraudulent and misleading correspondence to Welk's timeshare owners." (Compl. ¶ 13.) As a result of the alleged wrongful conduct, Welk claims "performance under the established contracts [with its customers] has become more difficult and expensive" and it has "suffered monetary and non-monetary damages, including reputational damage and the expenditure of time and energy in maintaining its established relationships with timeshare owners." (*Id.* ¶ 2.)

Subsequently, Welk filed this action against Newton asserting three claims for relief: (1) interference with contractual relations, (2) violation of the California Vacation Ownership and Time-Share Act, and (3) Violation of the California Unfair Competition Law. Newton now moves to dismiss Welk's complaint for failure to establish diversity jurisdiction and for failure to state a claim.

## DISCUSSION

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, (1978). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant can move a court to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1). Even though the motion is brought by the defendant, it is the plaintiff's burden to establish jurisdiction in a motion to dismiss for lack of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994)

("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

A Rule 12(b)(1)[2] jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A defendant presenting a facial attack asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion will be granted if, on the face of the complaint, and when considered in its entirety, the complaint fails to allege facts sufficient to establish subject matter jurisdiction.

According to Welk's complaint, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (a)(1) (diversity jurisdiction based on claims between citizens of different states). (Compl. ¶ 8.) "To establish federal jurisdiction under § 1332(a)(1), the proponent must allege (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (citing 28 U.S.C. § 1332(a)(1); *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)).

Newton only challenges the existence of the second requirement. It argues that Welk's complaint does not allege it has actually lost any contracts and lacks allegations "supporting a reasonable inference that its alleged expenditure of 'money, time and energy' exceeds the jurisdictional minimum[.]" (Mot. at p. 2.) Welk counters that "it is well settled that a general averment that the damages exceed the minimum jurisdictional limit is sufficient, and that a request for injunctive relief alone can be sufficient to meet the minimum jurisdictional amount pursuant to the 'either viewpoint' rule." The Court

---

[2] The Court's reference to Rules in this Order are to the Federal Rules of Civil Procedure, unless otherwise stated.

3

agrees with Newton that Welk has not met its burden to establish the amount in controversy.

In the Ninth Circuit, courts apply the "legal certainty" test to determine whether a complaint meets § 1332(a)'s amount in controversy requirement where, as here, a plaintiff files an action in federal court. *Naffe*, 789 F.3d at 1039 (citing *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986) (additional citation omitted). "Under this test, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* at 1040 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).

The Ninth Circuit has explained that "the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement." *Id.* at 1040. It identified three situations that "clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* (citing *Pachinger,* 802 F.2d at 364).

Based on the factual allegations of Welk's complaint, the Court finds the third situation applies. In short, other than its conclusory allegation that "the amount in controversy exceeds the sum or value of $75,000," Welk did not allege any facts to suggest it could meet the amount in controversy. (Compl. ¶ 8.) Although Welk alleges interference with contractual relations, it does not actually identify any specific contracts that were allegedly lost or interfered with (or even a specific amount of damages as a result). Nor does it specify any amount of damages related to its alleged reputational harm, or the "money, time and energy" spent to maintain its relationships with existing clientele. (*Id.* ¶ 36.) Therefore, without any indication of actual breached contract, "disrupted" contract, or resulting expenditures, the Court concludes that it appears to a


4

3:17-cv-00990-BEN-MDD

legal certainty that Welk's claim is really for less than the jurisdictional amount. *Naffe*, 789 F.3d at 1040.

Welk fares no better under the "either viewpoint" rule. The test for determining the amount in controversy under the "either viewpoint" rule "is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)). "In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Thus, in order for Welk to defeat Newton's motion to dismiss under the "either viewpoint" rule, it must appear from the face of the complaint that the potential cost to Newton to comply with any resulting injunction exceeds $75,000. *Id.*

In its opposition, Welk points to its request to enjoin Newton "from soliciting Welk's timeshare owners, from false and misleading advertising, and from encouraging and/or offering to assist them in breaching their timeshare obligations" before summarily concluding "the value of their unlawful solicitation of Welk's Clients exceeds $75,000 several times over." (Opp'n at p. 5.) However, reviewing the factual allegations of Plaintiff's complaint, the Court finds there is simply a dearth of factual allegations to support the jurisdictional requirement from Defendant's viewpoint.

Finally, Welk argues that because it is requesting punitive and exemplary damages, it cannot be said with legal certainty that it would not be entitled to recover the jurisdictional amount. The Court disagrees. Indeed, if all a plaintiff had to allege to meet the amount in controversy was assert punitive or exemplary damages, almost no suit, no matter how small, could meet the jurisdictional requirement, which would "fundamentally violat[e] . . . the principle underlying the jurisdictional amount requirement—to keep small diversity suits out of federal court." *In re Ford Motor Co.*, 264 F.3d at 961.

5

3:17-cv-00990-BEN-MDD

In sum, the Court finds Welk has failed to establish diversity jurisdiction and therefore must grant Defendant's motion to dismiss on this ground.[3] Fed. R. Civ. P. 12(b)(1). However, the Court shall grant Plaintiff an opportunity to file an amended pleading that corrects the deficiencies identified in this Order.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's first amended complaint, if any, is due no later than **seven (7) days** from the date of this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2018

Hon. Roger T. Benitez
United States District Judge

---

[3] Because the Court finds subject matter jurisdiction lacking, it need not address Newton's arguments for dismissal for failure to state a claim.

6